UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandy J. Gould,<br>      Plaintiff,<br><br>         v.<br><br><br>Synter Resource Group, LLC<br>      Defendant. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**ONE:** This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII") and The Pregnancy Discrimination Act, 42 U.S.C. §2000e, et seq., as amended and retaliation. All conditions precedent to jurisdiction under the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act, 42 U.S.C. §2000e, et seq., as amended have occurred or been complied with.

    a.    The Plaintiff filed a charge of employment discrimination on the basis of sex/gender discrimination, pregnancy discrimination, retaliation and retaliatory discharge with the South Carolina Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC").

    b.    Notice of the Right to Sue was received from EEOC on or about May 15, 2015.

    c.    This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of Right to Sue.

**TWO:** The Plaintiff, Brandy J. Gould, is a citizen and resident of the count of Dorchester, state of South Carolina.

**THREE:** All discriminatory employment practices alleged herein were committed within the state of South Carolina.

**FOUR:** The Defendant, Synter Resource Group, LLC, upon information and belief, is a domestic corporation organized and doing business in the State of South Carolina, and at all times herein operated as a business within the state of South Carolina located at 5935 Rivers Avenue, Suite 102, North Charleston, South Carolina 29406.

**FIVE:** The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and The Pregnancy Discrimination Act.

**SIX:** The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and The Pregnancy Discrimination Act.

**SEVEN:** That the Defendant is an "employer" for the purposes of The Pregnancy Discrimination Act, the Civil Rights Act of 1964, 42 U.S.C. §2000e, as the Defendants employ twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**EIGHT:** The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

**NINE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**TEN:** The Plaintiff began working at the Synter Resource Group, LLC on or about April 12, 2012.

**ELEVEN:** The Plaintiff was efficient and effective at her work.

**TWELVE:** That on or about June 18, 2012, Plaintiff advised her manager, LaTonya White that she was pregnant.

**THIRTEEN:** Shortly thereafter, Plaintiff began to be reprimanded for helping other coworkers with their work, hearsay, and for asking questions that directly pertained to her work assignments.  Also such reprimands were pretextual in nature.

**FOURTEEN:** On or about October 12, 2012, Plaintiff had to undergo an emergency c-section. After her emergency c-section, Plaintiff returned to work after a short period of time, on or about November 14, 2012.   When Plaintiff returned from her short maternity leave, the Defendant's retaliation against her because of her pregnancy and sex discrimination increased.

**FIFTEEN:** Said retaliation was recurring on a daily basis and was severe pervasive.

**SIXTEEN:** After her notifying the Defendants of her pregnancy, the Plaintiff repeatedly requested particular training of certain programs and/or clients.  Plaintiff's supervisor, LaTonya White, continued to state she would train her, however, repeatedly failed and refused to do so. Then when Plaintiff would seek help from others, Plaintiff's supervisor, LaTonya White, would retaliate against her by writing her up and saying that she was not following proper chain of command and that she was argumentative and/or disrespectful.

**SEVENTEEN:** The Plaintiff was advised that she could not use her cell phone on the property, although others continued to use their respective cell phones on the property.  Plaintiff was also advised that she couldn't have a simple conversation with other employees, although others had long conversations with other employees.  It became very apparent to the Plaintiff as well as to

2

other employees that the Defendants were retaliating against the Plaintiff, all of which started after Plaintiff notified Defendants that she was pregnant.

**EIGHTEEN:** The Plaintiff was retaliated against on or about November 14, 2012, when Stacey Davis the Human Resource Manager (HR) was advised by LaTonya White, Plaintiff's supervisor, that Plaintiff posted negative posts on Facebook, about the Company.  Although Plaintiff had proof that there were not any negative posts from her regarding the Defendants on Facebook, Stacey verbally reprimanded the Plaintiff.

**NINETEEN:** Plaintiff requested accommodations to adjust her work hours on days she needed to go to her weekly doctor's appointments at the end of her pregnancy.  Plaintiff also requested accommodations to take time off after her emergency c-section and was only given three (3) weeks off.

**TWENTY:** After Plaintiff hired an attorney, Defendants interrogated her, reprimanded her in front of others, belittled her in front of others, told others on her team details regarding private and personal discussions between Plaintiff and Defendant, among other inappropriate things.

**TWENTY-ONE:** The Plaintiff was discriminated and retaliated against due to her pregnancy, gender, and need for accommodations due to her pregnancy.

**TWENTY-TWO:** The Plaintiff performed the functions of her job in a satisfactory manner throughout her employment with the Defendant and was terminated due to gender discrimination and in retaliation for her pregnancy.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**Violation of Civil Rights/Discrimination Under Title VII**

**TWENTY-THREE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**TWENTY-FOUR:** The Plaintiff is a member of a protected group on the basis of her sex and gender.  The Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**TWENTY-FIVE:** The Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her terms, conditions, or privileges of employment due to her sex and pregnancy;

    b.    In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee;

**TWENTY-SIX:** By reason of the aforesaid discrimination by the Defendant, the Plaintiff has suffered severe emotional distress.

**TWENTY-SEVEN:** The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et seq.) by allowing the discrimination to exist in the workplace.

**TWENTY-EIGHT:** The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et seq.), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**TWENTY-NINE:** The Plaintiff's sex (female) and pregnancy were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.  But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**THIRTY:** The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth above constitute discrimination against the Plaintiff due to her sex/gender and her pregnancy, which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**THIRTY-ONE:** The aforesaid conduct of the Defendant, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et seq.).

**THIRTY-TWO:** As a direct and proximate result of the acts and practices of the Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, loss of benefits, medical bills, attorney's fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the Pregnancy Discrimination Act**

**THIRTY-THREE:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**THIRTY-FOUR:** The Plaintiff is a member of a protected group on the basis of her sex and gender.   The Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and terminated from a job due to her pregnancy and gender (female) in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**THIRTY-FIVE:** The Defendant was wanton and intentional in the discrimination against the Plaintiff in the following particulars, to wit:

    a.       In retaliating against the Plaintiff due to her pregnancy.

    b.       In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    c.       In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee;

**THIRTY-SIX:** By reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

**THIRTY-SEVEN:** The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

**THIRTY-EIGHT:** The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**THIRTY-NINE:** The Plaintiff's sex (female) and pregnancy were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**FORTY:** The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth above constitute discrimination against the Plaintiff due to her sex/gender and her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**FORTY-ONE:** The aforesaid conduct of the Defendant, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**FORTY-TWO:** As a direct and proximate result of the acts and practices of the Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, loss of benefits, medical bills, attorney's fees and costs.

## REQUEST FOR RELIEF

**FORTY-THREE:** The Plaintiff reiterates and realleges each and every allegation, as if, fully set forth herein.

**FORTY-FOUR:** Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, loss of benefits, medical bills, back pay and other work benefits.

**FORTY-FIVE:** That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.    Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.    Prejudgment interest, costs and attorneys fees as may be allowed by law;

3.    Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4.    Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.    Judgment in favor of the Plaintiff and against the Defendant for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

6.    Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

7.    For such other and further as this Court deems just and proper.

**WIGGER LAW FIRM, INC.**

s/Mary F. Fishburne
Mary F. Fishburne, Esquire
Federal I.D. #11786
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
Telephone:     (843) 553-9800
Facsimile:     (843) 553-1648

North Charleston, South Carolina
This 10th day of June, 2015